# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 1, 2015


## LORENZA ZACKERY v. STATE OF TENNESSEE


### Appeal from the Criminal Court for Davidson County
### No. 2009-A-941     Seth W. Norman, Judge

_____


### No. M2015-00890-CCA-R3-ECN – Filed December 30, 2015

_____


Lorenza Zackery ("the Petitioner") pleaded guilty to two counts of rape of a child. Subsequently, the Petitioner filed a Petition for Writ of Error Coram Nobis ("the Petition") alleging "newly discovered evidence" in the form of an affidavit from the Petitioner stating that the victim testified in a 2009 juvenile court hearing that she had no sexual contact with the Petitioner until she was fifteen years old. The coram nobis court denied relief. On appeal, the Petitioner argues that (1) due process requires that the statute of limitations be tolled; (2) the coram nobis court should have held an evidentiary hearing because the newly discovered evidence shows that the Petitioner was "factually innocent" of the crime of rape of a child; and (3) the State violated Brady v. Maryland, 373 U.S. 83 (1963) when it failed to provide the Petitioner with a record of the juvenile hearing.[1] Discerning no error, we affirm the judgment of the coram nobis court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Lorenza Zackery, pro se, Clifton, Tennessee.

_____

[1] For the sake of clarity, we interpret the Petitioner's brief to raise the above stated issues. As stated in the Petitioner's brief, the issues raised on appeal are (1) "Whether the trial court erred in denying [the Petitioner's] writ of error coram nobis petition without 'ordering' an evidentiary hearing?"; (2) "Whether the statute of limitations should be tolled in this case? Due process violation?"; (3) "Issues newly discovered, Brady materials, inculpatory/exculpatory evidence?"; (4) "Federal issues violation of due process factual innocence claim?"

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Matt Stephens, District Attorney General Pro Tem;[2] and Brian Holmgren, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual and Procedural Background

*Trial*

The Petitioner was indicted with six counts of rape of a child, seven counts of rape, three counts of statutory rape by an authority figure, and one count of especially aggravated sexual exploitation of a minor. All of the charges involved the same victim, the Petitioner's step-daughter. On January 24, 2011, the Petitioner entered guilty pleas to two counts of rape of a child and received concurrent twenty-year sentences. In this court's opinion from the Petitioner's post-conviction appeal, the court included the prosecutor's following recitation of facts from the Petitioner's guilty plea submission hearing:

> Had this matter . . . proceeded to trial, the State's proof as to Counts I and II of the Indictment would be that on two separate and distinct occasions, sometime after the family moved to Davidson County in June of 2003 and before the victim named in the indictments birthday which is 7/27/91, [the Petitioner] did engage in unlawful sexual penetration of the victim named in the Indictment, who was at the time a child less than 13 years of age, and that these events occurred at the family's residence on George Gaines Drive in Bellevue.

Lorenza Zackery v. State, No. M2013-00718-CCA-R3-PC, 2013 WL 6705995, at *1 (Tenn. Crim. App. Dec. 19, 2013), perm. app. denied (Tenn. May 14, 2014) (alterations and ellipses in original). According to the State's response to the Petition, the Petitioner did not file any post-trial motions.

*Post-Conviction Proceedings*

The Petitioner filed a petition for post-conviction relief alleging, among other things, ineffective assistance of counsel which resulted in an involuntary and unknowing guilty plea. Id. At the Petitioner's post-conviction hearing, both the Petitioner and trial counsel testified about the victim's age at the time of the offenses.

---

[2] The Petitioner requested that District Attorney General Glenn Funk recuse himself from the case because General Funk had previously represented the Petitioner.

The Petitioner maintained that all sexual activity with the victim was consensual, and he testified that he did not want to plead guilty to an offense he did not commit. Id. at *2. The Petitioner acknowledged that trial counsel spoke with the victim and that the victim told trial counsel that no sexual activity occurred until after her thirteenth birthday. Id. The Petitioner also admitted that he had written a letter to his wife stating that he wanted the victim to change statements she had previously made and say that the sexual activity only occurred in 2006. Id. at *3. The Petitioner had not informed trial counsel about that letter, and at the time the Petitioner pleaded guilty, that letter was in the State's possession. Id. at *3.

Trial counsel testified that, as the case unfolded, the Petitioner's story "significantly changed." Id. Initially, the Petitioner told trial counsel that there had been "lots of sex" with the victim after she turned thirteen. Id. However, around the same time that trial counsel explained the different sentencing ranges for rape by an authority figure and statutory rape by an authority figure, the Petitioner changed his story to say that he only had sex with the victim once after she turned fifteen. Id. Trial counsel recalled that "the [P]etitioner was adamant about proceeding to trial on the theory that he had only had sex with the victim one time." Id. Trial counsel stated that the victim allowed him to take a recorded statement in which she recanted her assertion that any sex had occurred prior to her thirteenth birthday. Id. The victim also passed a polygraph test in which she said there was no sexual activity prior to her turning thirteen. Id. Trial counsel said he hoped to impeach the victim with these statements, but trial counsel also acknowledged that:

> [T]here was overwhelming proof of guilt on the [P]etitioner's part, including a video he had made of himself and the victim having sex, an aborted pregnancy by the victim, and a second pregnancy carried to term and delivered when the victim was fifteen years old. Additionally, the [P]etitioner had made statements to others that he had been having sex with the victim since she was 'little,' and he had made tape-recorded admissions to his wife and the victim.

Id. Trial counsel was certain that the Petitioner would have been convicted if he elected to proceed to trial. Id.

The post-conviction court denied relief and found that the Petitioner entered his plea voluntarily and knowingly and that he had failed to prove ineffective assistance of counsel. Id. at *7. This court affirmed that decision on appeal. Id. at *8.

*Coram Nobis Proceedings*

On February 19, 2015, the Petitioner filed the instant Petition for Writ of Error Coram Nobis claiming that he had newly discovered evidence in the form of the victim's testimony during an October 29, 2009, juvenile court hearing. The Petitioner claimed that the victim testified in that hearing that she did not have any sexual contact with the Petitioner until after her fifteenth birthday. A record of the juvenile court hearing was not included with the Petition. Instead, the Petitioner attached his own affidavit which stated the victim testified that she was fifteen years old when she started having sex with the Petitioner. Additionally, the Petitioner admitted in the affidavit that he attended and testified at the same juvenile court hearing. Documents attached to the Petitioner's brief on appeal indicate that, in 2014, the Petitioner tried to obtain copies of the transcripts of that juvenile court hearing, but the records were destroyed in the May 2010 Nashville flood.[3]

In the Petition, the Petitioner argued that (1) due process required that the statute of limitations for error coram nobis claims be tolled; (2) the newly discovered evidence demonstrates the Petitioner's factual innocence with regard to his rape of a child convictions; and (3) failure to turn over the evidence to the Petitioner constituted a violation of Brady v. Maryland, 373 U.S. 83 (1963). In its response, the State argued that (1) due process did not require tolling of the statute of limitations because the Petitioner knew about the victim's testimony and did not present it at the post-conviction hearing; and (2) the evidence was not "newly discovered" because the Petitioner was present at the juvenile hearing. The coram nobis court denied relief without a hearing. In its written order, the coram nobis court noted that "these issues have previously been discussed in the post-conviction proceedings and on appeal." Additionally, the coram nobis court found that due process did not require tolling the statute of limitations and that the evidence was not newly discovered. This timely appeal followed.

## II. Analysis

*Coram Nobis Claims*

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) provides that coram nobis relief is available in criminal cases as follows:

---

[3] We note that the documents attached to the Petitioner's brief were not presented to the coram nobis court.

The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has held that the writ of error coram nobis is available to challenge a guilty plea. Wlodarz v. State, 361 S.W.3d 490, 504 (Tenn. 2012).[4]

Unlike the grounds for reopening a post-conviction petition, the grounds for seeking a petition for writ of error coram nobis are not limited to specific categories. See Harris v. State, 102 S.W.3d 587, 592 (Tenn. 2003). "Coram nobis claims may be based upon any 'newly discovered evidence relating to matters litigated at the trial' so long as the petitioner establishes that he or she was 'without fault' in failing to present the evidence at the proper time." Id. at 592-93. Coram nobis claims are "singularly fact-intensive," are not easily resolved on the face of the petition, and often require a hearing. Id. at 593.

As our supreme court has stated,

[I]n a coram nobis proceeding, the [coram nobis] judge must first consider the newly discovered evidence and be 'reasonably well satisfied' with its veracity. If the defendant is 'without fault' in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the [coram nobis] judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence *may have* led to a different result.

State v. Vasques, 221 S.W.3d 514, 527 (Tenn., 2007) (emphasis in original). In determining whether the new information may have led to a different result, the question before the coram nobis court is "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the results of the proceedings might have been different." Id. (citing State v. Roberto Vasques, No. M2004-00166-CCA-R3-CD, 2005

_____

[4] We note that the Tennessee Supreme Court has recently indicated that it will review the issue of whether coram nobis relief should be available to challenge guilty pleas. See Order, Clark Derrick Frazier v. State, No. 2014-02374-SC-R11-ECN (filed Oct. 15, 2015) ("In addition to the issue raised in the application, the parties are directed to address whether the Court should reconsider its opinion in Wlodarz v. State, 361 S.W.3d 490 (Tenn. 2012)).

WL 2477530, at *13 (Tenn. Crim. App. Oct. 7, 2005)). The decision to grant or deny coram nobis relief rests within the sound discretion of the coram nobis court. Vasques, 221 S.W.3d at 527-28.

Petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103 (2014); Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010). "The statute of limitations is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." Harris, 301 S.W.3d at 144 (citing Mixon, 983 S.W.2d at 670). Calculating the statute of limitations in this manner is consistent with the "longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." Harris, 301 S.W.3d at 144; Mixon, 983 S.W.2d at 670. The State bears the burden of raising the statute of limitations as an affirmative defense. Harris, 301 S.W.3d at 144.

In certain circumstances, due process considerations may require tolling the statute of limitations. Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001). To determine whether due process requires tolling, we must balance the State's interest in preventing "stale and groundless" claims against the petitioner's interest in having a hearing to present newly discovered evidence which may have led the jury to a different verdict if it had been presented at trial. Id. at 103. To balance these interests, courts should use a three-step analysis:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995); see also Harris, 301 S.W.3d at 145. Whether a claim is time-barred is a question of law, which we review *de novo*. Harris, 301 S.W.3d at 144 (citing Brown v. Erachem Comilog, Inc., 231 S.W.3d 918, 921 (Tenn. 2007)).

### a. Due Process Tolling

The Petitioner first claims that due process requires that the statute of limitations be tolled. The Petitioner pleaded guilty on January 24, 2011, and judgments of conviction were entered on the same day. The record indicates that no post-trial motions were filed. Accordingly, the judgment became final on February 23, 2011, and the

statute of limitations expired on February 23, 2012. The Petitioner filed the Petition on February 19, 2015, well outside the one-year statute of limitations.

It is clear that the "newly discovered evidence" in this case did not "actually [arise] after the limitations period would normally have commenced." See Sands, 903 S.W.2d at 301. The juvenile court hearing in question was conducted on October 29, 2009. As indicated in the Petitioner's affidavit, he was present and testified at that hearing. Accordingly, the Petitioner knew of the victim's juvenile hearing testimony before he pleaded guilty and certainly before the statute of limitations period would normally have commenced. Therefore, the grounds for the Petition are not "later arising," and due process does not require tolling the statute of limitations. See id. The Petition is time-barred.

### b. Merits of the Petition

Additionally, the coram nobis court did not abuse its discretion when it found that the evidence was not "newly discovered" and denied relief without a hearing. As noted above, the Petitioner clearly knew about the juvenile court testimony before he entered his guilty plea. As such, the evidence is not "newly discovered." Moreover, the Petitioner presented evidence to challenge the victim's age at the time of the offense during the post-conviction proceeding, but he failed to present evidence of the victim's juvenile court testimony at that time. Because the Petitioner knew about the victim's juvenile court testimony at the time of the post-conviction hearing, he was not "'without fault' in failing to present the evidence at the proper time." See Harris, 102 S.W.3d at 592-93. Accordingly, the coram nobis court did not abuse its discretion when it found that the evidence was not newly discovered without holding an evidentiary hearing.

### *Brady Claim*

The Petitioner also contends that the State violated Brady when it failed to provide the Petitioner with a copy of the record from the October 29, 2009 juvenile hearing. In Brady, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. Such evidence includes "evidence deemed to be exculpatory in nature and evidence that could be used to impeach the state's witnesses." Johnson v. State, 38 S.W.3d 52, 55-56 (Tenn. 2001). In order to prove a due process violation,

> (1) [t]he defendant must have requested the information (unless the evidence is obviously exculpatory, in which case the State is bound to release the information whether requested or not); (2) [t]he State must have

suppressed the information; (3) [t]he information must have been favorable to the accused; and (4) [t]he information must have been material.

State v. Edgin, 902 S.W.2d 387, 389 (Tenn. 1995).  However, "[t]he prosecution is not required to disclose information that the accused already possesses or is able to obtain." Johnson, 38 S.W.3d at 56 (quoting State v. Marshall, 845 S.W.2d 228, 233 (Tenn. Crim. App. 1992)).  The defendant must prove a Brady violation by preponderance of the evidence.  Edgin, 902 S.W.2d at 389.

Here, the Petitioner was clearly aware of the victim's juvenile court hearing testimony prior to his pleading guilty.  The Petitioner could have requested a copy of the juvenile court hearing testimony any time prior to the record's alleged destruction in the flood of May 2010, but he chose not to do so.  Further, the State did not suppress the information because the Petitioner was at the hearing and heard the victim's testimony. The State was not required to give the Petitioner material he already possessed or could have obtained himself.  See Johnson, 38 S.W.3d at 56.  Accordingly, the Petitioner has failed to show that the State violated Brady when it did not give him a copy of the juvenile court hearing record.

### III. Conclusion

For the aforementioned reasons, the judgment of the coram nobis court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE